IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DEBORAH S. WOLFE,

    Plaintiff,

v.                                        Civil Action No. 5:09CV66
                                                      (STAMP)
MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE**

I.   Background

The plaintiff, Deborah S. Wolfe, refiled an application[1] for supplemental security income ("SSI") under Title XVI of the Social Security Act, alleging disability beginning on September 21, 1989, due to a gunshot wound to her left arm, alcoholism, and back pain.

The Social Security Administration denied the plaintiff's application initially and on reconsideration. The plaintiff requested a hearing, and a hearing was held on February 27, 2007, before Administrative Law Judge ("ALJ") Mark O'Hara. On May 24, 2007, the ALJ issued a decision against the plaintiff. The Appeals Council denied the plaintiff's request for review on April 16, 2009, thus making the ALJ's decision the final decision of the Commissioner.

---

[1]On August 9, 1990, a prior social security decision found that the plaintiff was disabled as of September 21, 1989. These social security benefits were terminated in 2004, however, due to the receipt of a life insurance settlement from the death of her son.

While her 2006 disability application was pending on appeal, however, the plaintiff again applied for supplemental security income on June 20, 2007. That application was denied on initial application and reconsideration. A hearing was held before ALJ Thomas King, who ultimately found the plaintiff disabled as of June 20, 2007, the date of her 2007 disability application. Nevertheless, the ALJ declined to re-open the 2006 disability application.

Thereafter, the plaintiff filed the present civil action pursuant to 42 U.S.C. § 405(g), seeking judicial review of an adverse decision by the defendant, Commissioner of Social Security. Specifically, the plaintiff requests review of the 2007 ALJ decision denying her 2006 disability application for the period of January 13, 2006 (the date of her 2006 application) through May 24, 2007 (the date of the ALJ decision in the 2006 application).

The case was referred to United States Magistrate Judge David J. Joel for submission of proposed findings of fact and recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The plaintiff filed a motion for judgment on the pleadings, or in the alternative, motion to remand for the consideration of new evidence, as well as a supplemental memorandum in support of her motion. The defendant also filed a motion for summary judgment, to which the plaintiff filed a response. On January 27, 2010, the magistrate judge entered a report and recommendation, recommending that the defendant's motion for

summary judgment be granted, that the plaintiff's motion for judgment on the pleadings, or in the alternative, motion to remand for the consideration of new evidence be denied, and that this case be stricken from the active docket of this Court. Upon submitting his report, Magistrate Judge Joel informed the parties that if they objected to any portion of his proposed findings of fact and recommendation for disposition, they must file written objections within fourteen days after being served with a copy of the report. Neither party filed objections. For the reasons set forth below, this Court affirms and adopts the report and recommendation of the magistrate judge.

## II. Applicable Law

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which objection is timely made. As to those portions of a recommendation to which no objection is made, a magistrate judge's findings and recommendation will be upheld unless they are "clearly erroneous." See <u>Webb v. Califano</u>, 458 F. Supp. 825 (E.D. Cal. 1979). Accordingly, this Court reviews the report and recommendation of the magistrate judge for clear error.

## III. Discussion

In her motion for judgment on the pleadings, or in the alternative, motion to remand for the consideration of new evidence, the plaintiff argues that the case should be remanded or reversed for the following reasons: (1) newly discovered evidence

resulted in a fully favorable decision finding disability less than one month after the ALJ's decision in this case; (2) the decision of the ALJ failed to consider the previous favorable decision and the evidence therefrom; (3) the defendant's failure to find that the plaintiff's impairment due to multiple bone disorders and fractures was not severe is not supported by substantial evidence is erroneous; (4) the defendant's rejection of the plaintiff's treating physician is not supported by substantial evidence; and (6) the defendant erred in improperly relying upon the vocational expert's responses to an incomplete hypothetical question.

The defendant responds that the plaintiff's arguments lack merit. Specifically, the defendant contends that the plaintiff did not suffer from a disabling impairment, and that the treating physician failed to include clinical observations and test results that would support a conclusion that the plaintiff suffered disabling functional limitations.

Magistrate Judge Joel issued a report and recommendation in which he discussed the five-step sequential evaluation process that the ALJ utilized to determine whether the plaintiff was disabled and therefore entitled to disability insurance benefits. This evaluation process consists of the following five steps:

> Step One: Determine whether the plaintiff is engaging in substantial activity.
>
> Step Two: Determine whether the plaintiff has a severe impairment.
>
> Step Three: Determine whether the plaintiff has a "listed" impairment;

>    (Residual Functional Capacity Assessment Needs to be Determined Before Proceeding to Step Four)
>
>    Step Four: Compare residual functional capacity assessment to determine whether the plaintiff can perform past relevant work.
>
>    Step Five: Consider residual functional capacity assessment, age, education and work experience to determine if the plaintiff can perform any other work.

See 20 C.F.R. § 404.1520.

An ALJ's findings will be upheld if supported by substantial evidence. See Milburn Colliery Co. v. Hicks, 138 F.3d 524, 528 (4th Cir. 1998). Substantial evidence is that which a "'reasonable mind might accept as adequate to support a conclusion.'" Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Further, the "'possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence.'" Sec'y of Labor v. Mutual Mining, Inc., 80 F.3d 110, 113 (4th Cir. 1996) (quoting Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966)).

A.  Step One: Substantial Activity

As to Step One, the ALJ determined that the plaintiff had not engaged in substantial gainful activity at any time relevant to this decision. The parties appear not to discuss this first step in their motions.

B.  Step Two: Severe Impairment

Concerning Step Two, the ALJ found that the plaintiff suffered from several severe impairments, including alcohol and nicotine

5

dependence, borderline intellectual functioning, depression, and residual effects from an old left arm gunshot wound. The plaintiff, however, contends that the ALJ should have also found both her multiple bone disorders and repeated fractures to be a severe impairment. Furthermore, the plaintiff contends that the ALJ erred in rejecting the opinion of the plaintiff's primary physician, John C. Sharp, D.O.

In his report and recommendation, the magistrate judge held that the ALJ properly considered the plaintiff's medical history, credibility, daily activities, pain symptoms, and alcohol abuse evidence to determine the plaintiff's impairments. Furthermore, the magistrate judge determined that substantial evidence in the record supports the ALJ's conclusion as to the plaintiff's limitations and impairments, as well as the ALJ's decision to reject the opinion of the plaintiff's primary treating physician. The magistrate judge's determination as to Step Two is not clearly erroneous.

The opinion of a treating physician is entitled to controlling weight when, among other things, the treating source's medical opinion is well-supported by medically acceptable techniques and is not inconsistent with other substantial evidence in the claimant's case record. 20 C.F.R. § 404.1527(d). However, a treating physician's opinion should be accorded significantly less weight if it is not supported by clinical evidence or if it is found to be

6

inconsistent with other substantial evidence. Craig v. Chater, 76 F.3d 585 (4th Cir. 1996).

Here, Dr. Sharp opined that the plaintiff is disabled notwithstanding her alcohol abuse. Nevertheless, the ALJ found that Dr. Sharp's assessment is based on the plaintiff's reported symptoms and limitations, as opposed to objective findings and diagnostic test results. The ALJ also rejected Dr. Sharp's opinion that the plaintiff's physical restrictions and limitations would not improve if she were to quit drinking because the record failed to reflect a sustained period where the plaintiff abstained from alcohol. Substantial evidence, therefore, supports the ALJ's conclusions as to the plaintiff's limitations and the rejection of the plaintiff's primary treating physician.

C. Step Three: Listed Impairment

The ALJ found that the plaintiff did not meet the criteria for a listed impairment based upon her 2006 disability application. The plaintiff contends that new and material evidence, essentially that in August of 2009, a different ALJ found that the plaintiff met the listing criteria for lung cancer based on her 2007 disability application, warrants a remand of her 2006 disability application.

Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome. Wilkins v. Sec'y, Dep't of Health and Human Servs., 953 F.2d 93, 96 (4th Cir. 1991). The magistrate judge found that from a review of the record and the

7

newly submitted evidence, the plaintiff's subsequent 2009 lung cancer diagnosis would not have changed the ALJ's 2007 decision. Thus, he determined that substantial evidence supports the ALJ's findings that the plaintiff did not meet the criteria for a listed impairment during the period of January 13, 2006 through May 24, 2007. This Court finds no clear error in the magistrate judge's findings.

D. <u>Residual Functional Capacity Assessment</u>

The ALJ found that if the plaintiff discontinued substance abuse, she would have the residual functional capacity to perform unskilled light work. The magistrate judge found that substantial evidence supports the ALJ's decision, and this Court agrees.

E. <u>Step Four: Past Relevant Work</u>

The ALJ determined that the plaintiff has no past relevant work within the last fifteen years. The parties do not dispute the ALJ's findings as to this fourth step.

F. <u>Step Five: Perform Other Work</u>

The ALJ found, after considering the plaintiff's age, education, work experience, residual functional capacity assessment, and vocational expert testimony, that jobs exist in the national economy that the plaintiff could perform. The plaintiff contests this determination, however, arguing that the ALJ failed to ask the vocational expert if jobs existed that the plaintiff could perform, notwithstanding her problems with manipulating her

hands and fingers, grip and dexterity, osteoporosis, and repeated fractures.

This Court finds no clear error in the magistrate judge's recommendation that substantial evidence supports the ALJ's conclusion. The ALJ asked the vocational expert what jobs the plaintiff could perform with the limitations established in the record. Accordingly, the ALJ posed the proper hypothetical to the vocational expert. Substantial evidence supports the ALJ's conclusion that the plaintiff could perform light work if she discontinued alcohol abuse.

Accordingly, the ALJ found that the plaintiff was not entitled to supplemental security income. The magistrate judge determined that substantial evidence supports the ALJ's decision, and such a determination is not clearly erroneous.

IV. Conclusion

Because the parties have not objected to the proposed findings of fact and recommendation for disposition, and because this Court finds that the recommendation is not clearly erroneous, this Court hereby AFFIRMS and ADOPTS the magistrate judge's report and recommendation in its entirety. Accordingly, for the reasons stated above, the defendant's motion for summary judgment is GRANTED, and the plaintiff's motion for judgment on the pleadings, or in the alternative, motion to remand for the consideration of new evidence is DENIED. It is further ORDERED that this case be DISMISSED and STRICKEN from the active docket of this Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is directed to enter judgment on this matter.

DATED: March 26, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE